**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY F. GELI, | No. C 04-2241 SI |
| Plaintiff, | **ORDER AWARDING ATTORNEY'S FEES UNDER SOCIAL SECURITY ACT 42 U.S.C. § 406(b)** |
| v. | |
| MICHAEL ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. / | |

Now before the Court is plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). On October 11, 2001, plaintiff applied for disability insurance benefits under Title II of the Social Security Act. Attorney Harvey Sackett represented plaintiff before the Administrative Law Judge ("ALJ") and this Court. By order filed April 26, 2005, the Court granted in part plaintiff's motion for summary judgment and remanded for further proceedings before the ALJ. On May 24, 2007, an ALJ issued a favorable decision finding plaintiff disabled and entitled to benefits.

As a result of the favorable decision, plaintiff received a gross total of $94,268.50 in retroactive benefits. Of this amount, $23,567.13 has been withheld toward prospective payment of attorney's fees. Under the terms of the contract between plaintiff and his counsel, plaintiff's counsel is to be paid a total maximum of 25% of the past-due benefits being withheld as attorney's fees for work performed under § 406(a) and § 406(b). *See* Motion, Ex. C.

Plaintiff's counsel seeks a total of $18,267.13, of which $5,000 would be credited back to plaintiff, which would result in plaintiff paying his counsel a net fee under § 406(b) of $13,267.13, or 14.07% of past-due benefits. In support of the motion, plaintiff's counsel has submitted his fee

agreement with plaintiff, time records, and statistical data on local standard hourly billing rates and plaintiffs' success rates in Social Security actions. Defendant has not opposed the motion.

Section 406(b) of the Act provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the plaintiff's entitlement to the total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b), "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. The Court should consider the character of the representation and the results achieved in making its determination. *Id.* An award of § 406 fees is offset by any award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

The Court finds that the amount of fees sought is reasonable. As an initial matter, the Court finds that the fee agreement is within the statutory ceiling; the fee agreement between plaintiff and his counsel provides that if plaintiff received a favorable decision any time after an unfavorable ALJ decision, plaintiff agreed to pay counsel a fee no greater than 25 percent of the past-due benefits he was awarded. The Court further finds that plaintiff's counsel assumed a substantial risk of not recovering attorney's fees because the claims had been denied after exhausting administrative remedies. The work by plaintiff's counsel was not insubstantial; plaintiff's counsel filed a successful motion for summary judgment, and plaintiff prevailed on remand and obtained more than five years of past-due benefits as well as ongoing benefits. After review of the record, the Court finds that the requested attorney's fees are reasonable and do not constitute a windfall. *See Gisbrecht*, 535 U.S. 789; *see Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003).

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion for attorney fees and awards fees in the amount of $18,267.13 pursuant to 42 U.S.C. § 406(b)(1)(A). (Docket No. 31). The Court further directs plaintiff's counsel to reimburse plaintiff in the amount of $5,000 previously paid

under the EAJA, for a net total under § 406(b) of $13,267.13.

**IT IS SO ORDERED.**

Dated: July 9, 2008

_____
SUSAN ILLSTON
United States District Judge